IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD JANSEN, #172511 *
        Plaintiff,
  vs. * CIVIL ACTION NO. CCB-06-3311

JON P. GALLEY, WARDEN *
JEFF NINES, I.G.O. INSTITUTIONAL
 COORDINATOR *
A. GONZALEZ
        Defendants. *
                                    ***

## MEMORANDUM

On December 11, 2006, this court received for filing a 42 U.S.C. § 1983 prisoner civil rights complaint for injunctive relief from Richard Jansen, a Maryland Division of Correction ("DOC") inmate confined at the Western Correctional Institution ("WCI") in Cumberland, Maryland. Plaintiff takes issue with the Administrative Remedy Procedure ("ARP") process established by the DOC under Division of Correction Directive ("DCD") 185-001, claiming that while the process was implemented to resolve disputes between prisoners and institutional personnel on various issues, the ARP process available at WCI is "ludicrous" as: (1) the ARP claims raised at the institution, headquarters, and Inmate Grievance Office ("IGO") levels are defended by the use of "devious tactics" and "strategies;" (2) the initial filing, processing, and screening of ARPs involves a complicated review resulting in unacknowledged ARPs; and (3) grievances which reach the WCI and Headquarters ARP coordinators are generally dismissed with an unjustified rationale or are disposed of in a manner which is not in compliance with DCDs. Paper No. 1.

In sum, plaintiff claims that the ARP process cannot be used to mediate or properly resolve grievances because the remedy coordinators and representatives from WCI are curtailing the rules and regulations to suit their needs and do not want to take responsibility for their actions. Paper No.

1. He asks that the court direct the DOC to modify the manner in which it processes and handles ARPs or transfer him to an institution where "[he] will not have to write A.R.P.s." *Id.* Because he appears indigent, plaintiff's motion to proceed in forma pauperis shall be granted. After careful consideration of the complaint, however, the court shall dismiss the matter without prejudice.

The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, under the law in this circuit, the ARP process does not implicate a Fourteenth Amendment due process right. Plaintiff does discuss what he believes to be inappropriate and inadequate measures taken by WCI and Headquarters staff in the processing, review, and decisions related to grievances. His complaint, however, fails to allege that any deficiencies and improper acts associated with the ARP process have or will cause him injury, *e.g.,* his inability to file federal or state complaints.

For the aforementioned reasons, plaintiff's motion to proceed in forma pauperis shall be granted and his complaint shall be dismissed without prejudice. A separate Order follows.


Date:   12/29/06                                              /s/
                                                      Catherine C. Blake
                                                      United States District Judge